IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GARY LEE BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-297 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came this day for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GARY LEE BROWN. Petitioner Brown challenges his conviction out of the 181st District Court of Potter County, Texas. The indictment charged petitioner with delivery of a controlled substance, namely cocaine, less than one gram, in a drug free zone. The indictment also contained enhancement paragraphs alleging two prior felony convictions. Following petitioner's plea of guilty to the delivery charge and his plea of true to the enhancements, he was sentenced, pursuant to a plea agreement, to twenty-seven (27) years confinement. Based upon the facts and law set forth in Respondent's Answer, the Court finds that Petitioner's petition for writ of habeas corpus should be DENIED.

I.

PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because he received ineffective assistance of counsel at trial and because counsel failed to investigate the fact that prior convictions used for enhancement purposes were more than ten years old and, therefore, could not be used.

II.
AEDPA

Pursuant to 28 U.S.C. § 2254(d), a federal writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision adjudicated on the merits in state court and based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden to rebut the presumption of correctness by clear and convincing evidence. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application, it is an adjudication on the merits, and is entitled to this presumption. *Ex parte Torres*,

943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim."); *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (recognizing this Texas state writ jurisprudence).

Petitioner Brown has completely failed to overcome the AEDPA bar. He has not argued, much less shown, any infirmity in the state court decision denying relief. His petition is subject to denial based upon that failure alone.

### III.
### MERITS

Respondent's answer to Brown's petition fully and accurately sets out the procedural history of the case. Respondent has also thoroughly discussed the issues and the arguments advanced by Petitioner and shown Petitioner is not entitled to relief for the following reasons:

1. Petitioner has not shown the state court denial of relief was (1) contrary to federal law, or (2) was an unreasonable application of clearly established Supreme Court precedent, or (3) was based upon an unreasonable determination of the facts. *See Harrington v. Richter*, 526 U.S. 86, 131 S.Ct. 770, 785, 178 L.Ed.22 624 (2011).

2. Petitioner's guilty plea was entered voluntarily, knowingly and intelligently, with an understanding of the nature of the charges and consequences of the plea.

3. Trial counsel was not ineffective because
    (a) Petitioner's allegation that counsel failed to investigate the use of prior convictions that are more than ten years old is conclusory and unsupported by any evidence in the record; and

    (b)    Contrary to Petitioner's assertions, petitioner's claim that the prior convictions could not be used for the purpose of enhancement because they were over ten (10) years old is not a correct interpretation of Texas law. *See Barnett v. State*, 847 S.W.2d 678, 679-80 (Tex. App. -Texarkana 1993). The enhancement paragraphs of petitioner's indictment alleged a 1994 felony conviction and a 1988 felony conviction. *See* State Court Records WR-76, 610-01, p. 38 (Indictment in Cause No. 58,644-B) and p. 39-40 (Judgment of Conviction, Cause No. 58,644-B). Petitioner pled true to both enhancement paragraphs. The Court has independently considered the issue and found, Texas law does in fact permit convictions more than ten (10) years old to be used for the purpose of enhancement. *See Hicks v. State*, 545 S.W.2d 805, 810 (Tex. Crim. App. 1977) ("Unlike the rule that a prior conviction too remote in time cannot be used for impeachment purposes, such prior conviction may be utilized for enhancement purposes.").

The Court finds that Respondent's arguments are correct, and Petitioner's grounds are without merit. Therefore, petitioner's application for a writ of habeas corpus should be DENIED.

III.
RECOMMENDATION

For the reasons set forth in respondent's Answer, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner GARY LEE BROWN be DENIED.

IV.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of October 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).